**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ELVIN DONALDO ALVARADO MANZANAREZ,

Petitioner,

v. Case No. 3:26-cv-2696-WWB-SJH

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner, an immigration detainee, initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on October 5, 2026. (Doc. 1). About three weeks prior to Petitioner filing this case, the Court denied as moot Petitioner's first § 2241 Petition because during the pendency of that Petition, he received a bond hearing, which was the only relief he requested. *See Alvarado-Manzanarez v. Warden*, No. 3:26-cv-1948-WWB-LLL (M.D. Fla. Sept. 15, 2026).

In his current Petition, Petitioner seems to challenge that bond hearing, and the immigration judge's finding that Petitioner is a danger to the community. (Doc. 7-2). He seems to argue that he was not afforded an "individualized determination" and as a result is suffering unconstitutional prolonged detention. (*See generally* Doc. 1). As relief, he asks that the Court order his release. (*Id.* at 7).

Federal Respondents filed a Response arguing that the Court does not have jurisdiction to overturn the immigration judge's bond decision. (Doc. 7 at 2). The Court agrees. Indeed, this Court lacks jurisdiction to sit in review of an immigration judge's

discretionary finding that an alien is a danger and therefore should be denied bond. *See Guerrero v. Decker*, No. 19-CV-8092, 2019 WL 5683372, at *6 (S.D.N.Y. Nov. 1, 2019) (court lacks jurisdiction to review IJs' determinations at bond hearings that petitioners pose a danger to the community); *Mugiraneza v. Whitaker*, No. 6:19-CV-06140, 2019 WL 2395316, at *5 (W.D.N.Y. June 6, 2019) ("District courts sitting in habeas review therefore have no jurisdiction to review an IJ's discretionary decision denying bond."). Here, Petitioner was provided with a bond hearing and nothing suggests that the immigration judge otherwise failed to make factual findings or conduct an individualized determination. To the extent Petitioner disagrees with the immigration judge's conclusions, he may file an appeal with the Board of Immigration Appeals or request a custody redetermination. Whether the Court agrees with the danger determination is of no importance—the Court simply lacks jurisdiction to review such a discretionary finding.

Also, Petitioner is not entitled to immediate release. *See, e.g.*, *Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "comfortable majority position" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release" (quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED without prejudice**.
2. The Warden's Motion to Dismiss (Doc. 6) is **DENIED**.
3. The Clerk is **DIRECTED** to enter judgment dismissing the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on November 2, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c: Elvin Donaldo Alvardo-Manzanarez, A216862098
Counsels of Record